UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

ROXANNE CLEARY, *et al.*,

               Plaintiffs,

v.

KALEIDA HEALTH, *et al.*,

               Defendants.

**DECISION AND ORDER**

1:22-cv-00026(LJV)(JJM)

       In 1998, the consolidation of several area hospitals resulted in the creation of an entity known today as Kaleida Health. Class Action Complaint [1][1] (the "Complaint"), ¶ 55. This putative class action alleges various ERISA violations arising from the July 1999 consolidation of retirement plans for non-union employees of those hospitals (the "Plan"). Id., ¶¶ 1, 58-60. The Plan was amended in July 1999 to transform the traditional pension benefit provisions into "cash balance" provisions. Id.

       This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings. [9]. Before the court are plaintiffs' and defendants' motions to compel. [41, 42]. Pursuant to the request of the parties at oral argument on August 31, 2023, I focus here only on the temporal scope issue raised as the first point of argument in plaintiffs' Memorandum of Law. Transcript of August 31, 2023 proceeding [57] at 48-49, 51; *see also* Plaintiffs' Memorandum of Law [42-1] at 4. The remaining issues raised in plaintiffs' motion, and the issues raised in defendants' motion, have been resolved on the record, or are otherwise preserved. Text Order [55]; Transcript of oral argument [57] at 51.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

Having reviewed the parties' papers, and having heard oral argument [42-1, 42-2, 50-1, 54-1, 57], for the following reasons, plaintiffs' motion, only with respect to the temporal issue, is granted in part and denied in part.

## BACKGROUND

Plaintiffs move to compel defendants to remove their "improper objections" regarding the "temporal scope" of plaintiffs' document requests and to produce all responsive documents from the time period that plaintiffs assert is appropriate for production requests no. 2, 14, 15, 16, 18, 19, 20, and 21.  *See* Plaintiffs' Memorandum of Law [42-1] at 8, 12; Affirmation of Adam T. Sanderson ("Sanderson Affirmation") [42-2] at ¶¶ 18-19; Exhibit A to Sanderson Affirmation [42-3] at 17, 19-20.  The requests at issue define the temporal scope of the requests. "Unless otherwise indicated, the time frame for information sought in these Requests is January 1, 1996 through the present and up to the close of discovery in this litigation".  Exhibit A to Sanderson Affirmation [42-3] at 4.  They request production of "any and all":

- "documents concerning communications to participants or beneficiaries about the Plan or its adoption".  Exhibit A to Sanderson Affirmation [42-3] at 17 (request no. 2).

- "documents concerning or reflecting any consideration given to the creation of the Plan and/or the conversion from traditional pension plans to a cash balance plan". Id. at 19 (request no. 14).

- "documents related to any and all focus groups organized by or on behalf of any and all defendants at any time between 1992 and 2001 concerning retirement benefits".  Id. (request no. 15).

- "communications between or among any defendant, officer or representative of the Unions, or any fiduciary to the Plan . . . concerning the adoption or provisions of the Plan, including the creation of the Plan and /or conversion from a traditional pension plan to a cash balance plan". Id. (request no. 16).

- "documents from any and all Consultants concerning the creation of the Plan and/or conversion from a traditional pension plan to a cash balance plan". Id. (request no. 18).

- "documents related to any focus groups with Kaleida Health employees concerning creation of the Plan and/or conversion from a traditional pension plan to a cash balance plan". Id. at 20 (request no. 19).

- "documents concerning creation of the Plan, or any amendment of the Legacy Plans to create the Plan, including the cash balance provisions of the Plan". Id. (request no. 20).

- "documents concerning any legal advice, analyses, memos or other documents that the defendants used or relied on in considering whether conversion of the Legacy Plans to the Plan, and defendants' implementation of that conversion, complied with ERISA". Id. (request no. 21).

Defendants objected to each of these requests as being overbroad, specifically with respect to the temporal scope of the requests:

- "Defendants object to the production of documents . . . for the period from 1956, when the Plan was established, to 1998 and for the period from 2000 to 2019, when none of the complained-about conduct occurred". Exhibit B to Sanderson Affirmation [42-4] at 5 (response to request no. 2).

- "Defendants object to this request on the ground that it . . . is overbroad and burdensome . . . seeking the production of documents from prior to 1956, when the Plan was established to the present - a period of 66 years, and seeks documents not relating or relevant to the allegations in the Complaint". Id. at 11, 13, 14-15 (responses to requests no. 14, 16, 18, 19, 20 ).

- "Defendants object to this request on the ground that it . . . is overbroad and burdensome . . . seeking documents for a period of ten years, occurring more than 20 years ago". Id. at 12 (response to request no. 15).

Defendants agreed in response to each of the requests to "produce any responsive non-privileged documents in their possession, custody or control effective for the period between January 1998 and December 2000" and, in response to requests no. 18 and 20 to also produce documents for the period from "February 2019 to January 2022". Id. at 5, 11-16.

-3-

Plaintiffs argue that the defendants' temporal limitations "arbitrarily exclude[e] relevant documents merely on the basis that they are from a specific time period", and give two specific examples applicable to all requests:

> "(1) defendants' refusal to produce all communications with class members concerning their benefits under the Plan from January 1998 to present; and (2) defendants' refusal to produce documents relating to the March 1998 merger and amendment effective July 1999, merely because they precede January 1998."

Plaintiffs' Memorandum of Law [42-1] at 9.

Defendants argue that the temporal limitations are "[b]ased on the allegations in Plaintiffs' Complaint" and "properly limited" "to the two time periods relevant to the claims in this action". Declaration In Opposition of Marissa Coheley ("Coheley Declaration") [50-1] at 4.

The Complaint incorporates five causes of action. The parties' arguments do not concern the fourth and fifth claims. I therefore focus here on the first three. The first cause of action is that defendants failed to "notify Named Plaintiffs and other Plan participants of a significant reduction in the rate and/or a freeze of future benefit accruals ('wear-away')" within 15 days of the July 1, 1999 effective date of the change, as required by ERISA §204(h), 29 U.S.C. §1054(h). Complaint [1], ¶ 142. The second cause of action alleges that defendants violated ERISA §102 and accompanying federal regulations by failing to provide a summary plan description ("SPD") that fully explained the July 1999 amendment and the cash balance provisions or the material modifications those changes made to the plan. Id., ¶¶ 145-147, *citing* 29 U.S.C. § 1022, and 29 C.F.R. § 2520.104b-3.

The third cause of action alleges that defendants violated their fiduciary duty to plan participants in violation of ERISA §404(a), 29 U.S.C. §1104(a), by making "intentional and/or reckless misrepresentations and omissions" "in Plan documents and other Plan

communications", including by the defendants' "violations of law and the false and misleading statements and omissions" referenced in counts one and two. Id., ¶¶ 164-66.

Defendants argue that "[a]ll of Plaintiffs' causes of action related to the 1999 Amendment concern Kaleida's conduct and communications in 1999", which they claim justifies the temporal limitations they incorporated into their responses. Coheley Declaration [50-1] at 5-6. Plaintiffs argue that defendants' reading of the Complaint is flawed. Affirmation of Adam T. Sanderson [54-1] ("Sanderson Reply Affirmation") at 3. They argue that "commencement of the relevant time period should start in at least July 1997, or earlier, if considerations of the March 1998 merger and/or July 1999 amendment arose prior to that time". Id. at 2. They argue further that the relevant time period for communications to class members should be disclosed from the year 2000 to the present. Id. at 4-5.

**DISCUSSION**

"Courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976, *3 (W.D.N.Y. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable". Fed. R. Civ. P. ("Rule") 26(b)(1). Whereas "[t]he burden of demonstrating relevance is on the party seeking discovery . . . general and conclusory objections as to relevance, overbreadth, or burden are insufficient to exclude discovery of requested information." US Bank National Association v. PHL Variable Insurance Co., 2012 WL 5395249, *3 (S.D.N.Y. 2012).

Both parties agree that the allegations of the Complaint define the boundaries of relevance. I therefore look to the Complaint to determine the relevance of the discovery time frame sought by plaintiffs.

1. **First Cause of Action**

I agree with defendants that documents relevant to the first cause of action are limited to those disclosing (or not disclosing) the alleged reduced rate of future benefit accruals within 15 days of the effective date of the July 1999 amendment. Coheley Affirmation at 5; *see also* Complaint [1], ¶ 142. Accordingly, the allegations of the first cause of action do not support the expansive time frame urged by plaintiffs. Therefore, to the extent the document requests are relevant to this cause of action, plaintiffs' motion is denied.

2. **Second Cause of Action**

The second cause of action focuses on defendants' failure to produce and provide sufficiently specific SPDs to plaintiffs explaining "the full import of the Amendment". Complaint [1], ¶ 146. I agree with plaintiffs that defendants could have produced insufficiently specific SPDs that discussed the calculation of plaintiffs' benefits, specifically with respect to the plaintiffs' benefit accruals, both before and after the amendment's effective date in July 1999. Sanderson Reply Affirmation [54-1] at 3. The second cause of action also charges a violation of 29 C.F.R. §2520.104b-3, which requires the administrator of a plan to "furnish a summary description of any material modification to the plan", "not later than 210 days after the close of the plan year in which the modification or change was adopted". 29 C.F.R. § 2520.104b-3(a). The administrator may provide the summary as part of an SPD or separately. 29 C.F.R. § 2520104b-3(b).

Defendants assert, and plaintiffs do not dispute, that they have already provided "all Plan documents to date, including . . . SPDs". Coheley Declaration [50-1] at 6, ¶ 18. Further, defendants have produced, or "will produce" "summaries of material modifications . . . provided to participants and beneficiaries during the period from January 1998 through December 2000". Sanderson Affirmation, Exhibit B [42-4] at 5 (response to request for production no. 2). These disclosures cover the time period within which defendants were required to provide the summary, and satisfies plaintiffs' request for SPDs throughout their proposed time period. Therefore, to the extent the document requests are relevant to this cause of action, plaintiffs' motion is denied.

3. **Third Cause of Action**

The third cause of action is for breach of defendants' fiduciary duties under ERISA § 404(a) by "making false and misleading statements and omissions designed to (and/or that did in fact) conceal the Plan's wear-away effect; and designed to (and/or that did in fact) prevent Plan participants from discovering that Defendants had failed to disclose to and had misled them about the existence of wear-away and how the rate of benefit accrual under the Plan was significantly less than under the Legacy Plans". Complaint [1], ¶ 164. Plaintiffs allege these communications were made "[b]oth before and following the purported effective date of the Amendment". Id.

Although the third cause of action references the communications and SPDs described in the first and second causes of action and alleges that defendants breached their fiduciary duties in those SPDs and communications (see id., ¶¶ 166-67), plaintiffs' allegations do not, as defendants argue, limit the alleged "misleading statements and omissions" only to those described in the first and second causes of action. See Coheley Declaration [50-1] at 6 ("there

are no allegations in the Complaint that Kaleida made any subsequent false or misleading statements related to the 1999 Amendment or the cash balance provisions of the plan"). Plaintiffs allege that such communications occurred "[b]oth before and following" the 1999 Amendment.  Complaint [1], ¶ 164.

For these reasons, I agree with plaintiffs that they are entitled to discover communications from defendants, regardless of the time during which they were made, concerning the issue that plaintiffs identify in their papers as the "heart of plaintiffs' claims": "whether class members reasonably but mistakenly believed that growth in their cash balance benefit [under the Plan] equaled growth in their pension benefit based on what defendants communicated to them".  Plaintiffs' Memorandum of Law [42-1] at 10.  Accordingly, I find that in response to request for production no. 2, defendants must produce their communications to plaintiffs and/or to the putative class members, regardless of format of the communication or the year of the communication, concerning the growth of their cash balance benefit and/or their pension benefit under the Plan.  Should such communications no longer exist due to document retention policies or for some other reason, defendants should say so.  Therefore, to this extent, plaintiffs' motion is granted.

With respect to the remaining requests, I agree with plaintiffs that they are entitled to documents demonstrating the considerations involved in defendants' determination to enact the July 1999 amendment, even if those documents were created prior to January 1998.  *See* Plaintiffs' Memorandum of Law [42-1] at 11.  However, defendants have affirmatively represented on the record that "[t]here was not consideration of a cash balance plan prior to 1998" (transcript of oral argument [57] at 56) and that "Kaleida has produced all documents in its possession, custody, or control relating to the 1999 Amendment". Coheley Declaration [50-1]

at 7, ¶ 19. Based on these representations, and given that the allegations of the Complaint focus on the July 1999 amendment that created the cash balance plan, rather than the 1998 hospitals merger, I find that the time limitations defendants incorporated into their responses are appropriate and reasonable, even given the broad scope of discovery permitted by the Federal Rules. Therefore, plaintiffs' motion is denied with respect to requests for production nos. 14, 15, 16, 18, 19, 20, and 21.

## CONCLUSION

For these reasons, plaintiff's motion to compel, only with respect to the temporal issue, is granted in part and denied in part as described above.

Dated: September 25, 2023

/s/ *[signature]*
JEREMIAH J. MCCARTHY
United States Magistrate Judge