UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ROXANNE CLEARY, *et al.*,

                Plaintiffs,

v.

KALEIDA HEALTH, *et al.*,

                Defendants.

**DECISION AND ORDER**

1:22-cv-00026(LJV)(JJM)

---

In 1998, the consolidation of several area hospitals resulted in the creation of an entity known today as Kaleida Health ("Kaleida"). Class Action Complaint [1][1] (the "Complaint"), ¶ 55. This putative class action alleges various ERISA violations arising from the July 1999 consolidation of retirement plans for non-union employees of those hospitals (the "Plan"). Id., ¶¶ 1, 58-60.

This action has been referred to me by District Judge Lawrence J. Vilardo for supervision of pretrial proceedings. [9]. Before the court is defendants' motion pursuant to Fed. R. Civ. P. ("Rule") 45 to quash non-party subpoenas that plaintiffs served upon Mercer Investing Consulting ("Mercer") and Nixon Peabody LLP ("Nixon"). [33]. Having reviewed the parties' papers [33, 37, 40], for the following reasons, defendants' motion is denied without prejudice to refiling in the district or districts where compliance is required.

---

[1]    Bracketed references are to CM/ECF docket entries, and page references are to CM/ECF pagination.

BACKGROUND

Defendants move to quash non-party subpoenas that plaintiffs served upon non-parties Mercer, a financial services firm, and Nixon, a law firm. [33-3] and [33-4]; see also Defendants' Memorandum of Law [33-5] at 5; Affidavit of Sarah Pyc-Shapiro ("Pyc-Shapiro Affidavit") [33-1]; Attorney Declaration of James J. Zawodzinski, Jr. ("Zawodzinski Declaration") [33-2]. Mercer is Kaleida's investment consultant in connection with the Plan. Pyc-Shapiro Affidavit [33-1] at ¶¶3-4. Kaleida claims that the information sought by the subpoena seeks "confidential information relevant to Kaleida's internal deliberations and analyses regarding its [request-for-proposal] process with Mercer; financial records, research, and market analyses; strategic business decisions and negotiations regarding Mercer's advice to Kaleida and the basis for that advice; and advice provided regarding vendors, pricing, and fees, which is specific only to Kaleida". Id. at ¶ 6. Kaleida asserts that this information contains "highly competitive, confidential information belonging to Kaleida Health including, but not limited to, information surrounding Kaleida's internal analyses relating to its investment strategies, the types of investments considered, review and continual analysis of Kaleida's actual investments, and any associated cost-benefits." Id. at ¶ 7.

Kaleida "engaged [Nixon] to provide legal advice regarding the Plan's design, any amendments, and termination". Zawodzinski Declaration [33-2] at ¶15. It asserts that the specific requests of the subpoena directed to Nixon "seek the production of documents and/or information protected from disclosure by the attorney/client communication privilege and that are not subject to the fiduciary exception under ERISA". Id. at ¶ 14.

Plaintiffs counter that "this Court lacks the power to quash the [Mercer] subpoena" because Rule 45 reserves the power to quash a subpoena "to the court for the district

where compliance is required". Plaintiffs' Memorandum of Law [37] at 9. Plaintiffs argue that the place of compliance with their subpoena for Mercer is the Southern District of New York because "New York, New York [is] where Mercer has its principal place of business". Id. at 7.

In reply, defendants contend that because plaintiffs assert that Mercer's principal place of business is in New York, New York, their subpoena is facially defective because "[t]he distance between Mercer's New York, New York location, one of more than 40 around the world, and the place for compliance set by Plaintiffs - Rochester, New York - is beyond the geographic limit set in Rule 45, which requires a Court to quash a subpoena that demands the 'production of documents, electronically stored information, or tangible things at a place' beyond '100 miles of where the person resides, is employed, or regula[rly] transacts business in person.'" Defendants' Reply Memorandum of Law [40] at 5-6.

Because this issue is dispositive of defendants' motion with respect to both subpoenas, I do not reiterate here the parties' remaining arguments.

## DISCUSSION

"Courts have wide discretion to manage discovery." Smith v. Haag, 2009 WL 3073976, *3 (W.D.N.Y. 2009). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . . . Information within the scope of discovery need not be admissible in evidence to be discoverable". Rule 26(b)(1). A party may issue a subpoena to a non-party "from the court where the action is pending" that commands "production of documents, [or] electronically stored information . . . . at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person". Rules 45(a)(2) and (b)(2). Upon motion by a party or a

non-party, "the court for the district *where compliance is required* must quash or modify a subpoena that . . . requires a person to comply beyond the geographical limits specified in Rule 45(c)". Rule 45(d)(3)(A)(ii) (emphasis added); *see also* In re Smerling Litigation, 2022 WL 684148, *2 (S.D.N.Y. 2022). "The burden of persuasion in a motion to quash a subpoena is borne by the movant". Tapjets Inc. v. United Payment Services, Inc., 2020 WL 13581674, *9 (E.D.N.Y. 2020); *see also* Elite Mitigation Services, LLC v. Westchester Surplus Lines Insurance Co., 2020 WL 6127079, *2 (N.D. Fla. 2020) ("[b]ecause [movant] is seeking to modify and quash the subpoena, he must initially pursue this motion in the district court where compliance is required, and he has the burden of demonstrating to the court in which he files such a motion that it is the court of compliance").

1. **The Mercer Subpoena**

Plaintiffs assert that Mercer's primary place of business is located in New York, New York. Plaintiffs' Memorandum of Law [37] at 10. Defendants argue that plaintiffs' subpoena is facially defective because it requires Mercer to deliver documents to a place greater than 100 miles from its primary place of business. Defendants' Reply Memorandum of Law [40] at 5.

The parties disagree concerning where the Mercer subpoena requires compliance. Defendants assert that the place of compliance is the place identified in the subpoena where documents should be delivered. "[B]oth the Mercer and Nixon Peabody subpoenas require compliance at the law office of 'Thomas & Solomon LLP, 693 East Ave, Rochester, New York 14607 . . . Therefore, the 'power to quash or modify' Plaintiffs' subpoenas is reserved solely to

the Western District of New York". Defendants' Reply Memorandum of Law [40] at 5, *citing* Smerling, supra.

By contrast, plaintiffs contend that the place of compliance is Mercer's primary place of business in New York, New York. "Because the Mercer subpoena requires compliance in New York, New York, where Mercer has its principal place of business, defendants should have brought its motion in the United States District Court for the Southern District of New York". Plaintiffs' Memorandum of Law [37] at 10, *citing* Smerling.

Smerling involved three subpoenas served upon non-parties:

> "World Class challenged three subpoenas issued from this Court by [court-appointed receiver] Felton: (1) a subpoena requiring Jeff Kranitz, World Class's agent and owner, to testify at a deposition, (2) a subpoena for World Class's corporate representative to testify at a deposition; and (3) a subpoena to inspect World Class's inventory and assets at its principal place of business in Boca Raton, Florida."

2022 WL 684148 at *1. The court determined that it was "not the proper court to receive World Class's motion to quash":

> "Because the subpoenas issued to World Class require compliance in Boca Raton, Florida, *where World Class has its principal place of business* . . . World Class should have brought its motion in the United States District Court for the Southern District of Florida . . . The same is true for the subpoena issued to Kranitz, which requires compliance in Boca Raton, Florida, *where Kranitz resides*."

Id. (emphasis added).

Notably, the subpoenas at issue in Smerling appeared to comply with Rule 45(c) - they required the recipients to appear for depositions "within 100 miles of where the person resides, is employed, or regularly transacts business in person" and required "inspection of premises at the premises to be inspected". Rule 45(c)(1)(A) and (2)(B). There was, therefore, no conflict in Smerling between the place identified on the subpoena and the places identified for

compliance in Rule 45. Further, none of the subpoenas at issue in Smerling involved the production of documents.

When non-party subpoenas involve the production of documents from a business entity, there appears to be some dispute about where "compliance" actually occurs - where the subpoena directs the delivery of documents, or the residence of the non-party recipient (*i.e.*, the place from which the documents are produced). *See*, *e.g.* HI.Q, Inc. v. ZeetoGroup, LLC, 2022 WL 17345784, *7-8 (S.D. Cal. 2022) (identifying cases from different districts nation-wide using each approach).

Courts in the Second Circuit, however, follow the latter view. *See* Greater Chautauqua Federal Credit Union v. Quattrone, 2024 WL 497521, *1 (S.D.N.Y. 2024) (finding that the court "does not have the power to quash and/or modify the subpoena", because the non-party recipient is located within the Northern District of New York); Burnett v. Wahlburgers Franchising LLC, 2018 WL 10466827, *2 (E.D.N.Y. 2018) ("the proper forum for the motion to compel would be in the district in California where the nonparty's headquarters are located, not where the files are to be produced"); American Plan Administrators v. South Broward Hospital District, 2021 WL 6064845, *2 (E.D.N.Y. 2021) ("[p]etitioner's principal place of business is in Brooklyn, New York . . . [t]hus, the District Court for the Eastern District of New York is the proper venue for Petitioner to file their motion to quash").

"The place of compliance for a corporation generally is within 100 miles of where the corporation is headquartered or the custodian of records resides, is employed, or regularly transacts business in person". 9 Moore's Federal Practice, § 45.25[2] (Matthew Bender 3d ed.) (*citing* Europlay Capital Advisors, LLC v. Does, 323 F.R.D. 628, 629 (C.D. Cal. 2018) ("despite

-6-

Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered").

Here, defendants bear the burden to demonstrate that the Western District of New York is the court of compliance. See Tapjets Inc., supra. They do not contest that Mercer's primary place of business is New York, New York. Nor do their papers indicate that Mercer has an office, or regularly transacts business, within 100 miles of plaintiffs' counsel's office in Rochester, New York. Accordingly, the "district where compliance is required" is the Southern District of New York, and this court "does not have the power to quash and/or modify the subpoena". Greater Chautauqua Federal Credit Union, supra. Defendants' motion to quash the Mercer subpoena, therefore, is denied without prejudice as set forth below.

2. **The Nixon Subpoena**

Although this issue was not specifically raised by the parties with respect to the Nixon subpoena, a similar analysis could apply. Nixon is a law firm well known in this district, with an office in Rochester, New York. See https://www.nixonpeabody.com/locations (last viewed March 25, 2024). Nixon also has offices in a number of other cities nationwide, including Albany, Boston, Chicago, Los Angeles, and Washington, DC. Id.

"[T]he place for compliance under the rule is critical to the jurisdiction of a court to hear a challenge to a subpoena". 9 Moore's Federal Practice, § 45.25[2]. Where not raised by the parties, the Court has a duty to examine its own jurisdiction to hear a motion to quash. Equal Employment Opportunity Commission v. Dolgencorp, LLC, 2023 WL 5583993, *3 (E.D. Okla. 2023) ("[n]either the EEOC nor Defendant address the question of the Court's jurisdiction to quash the subpoenas in their motion; however, it is the Court's duty to examine its own jurisdiction"). Even courts that dispute whether Rule 45(d)'s mandate is truly jurisdictional in

nature concede the importance of determining whether the court has the power to hear a motion to quash pursuant to that Rule and reject motions filed in the procedurally incorrect district:

> "Some courts apply a jurisdictional analysis to the geographical questions that surround Rule 45 disputes . . . Other courts reject a jurisdictional approach to Rule 45, in part because jurisdiction concerns a forum state's power, or notice to a potential witness, which is unrelated to Rule 45's focus on the burden to the nonparties . . . Regardless of the label attached to the problem, the pivotal question necessarily and repeatedly becomes 'where is compliance required?'"

Federal Insurance Co. v. Tungsten Heavy Powder & Parts, Inc., 2022 WL 2820667, *6 (S.D. Cal. 2022); *see also* Joffe v. King & Spaulding LLP, 2020 WL 3453452, *4 (S.D.N.Y. 2020) (characterizing Rule 45's venue instructions as "procedural" and rejecting plaintiff's argument that they are a "non-waivable jurisdictional requirement" where the subpoenaed witnesses had appeared before the court and submitted to the court's jurisdiction with respect to their dispute concerning the subpoenas).

A search of the New York Department of State, Division of Corporations' website for publicly available information on Nixon indicates that it is a "domestic registered limited liability partnership" with a "principal executive office address" in Boston, Massachusetts. https://apps.dos.ny.gov/publicInquiry/EntityDisplay (last viewed March 25, 2024).

Neither plaintiffs nor defendants make any representations concerning Nixon's primary place of business, or its headquarters. Defendants do not state from which of Nixon's offices it received services. Nixon itself has not appeared with respect to this motion, nor has it moved, to this court's knowledge, to quash the subpoena. Presumably, Nixon is aware of its obligation to redact from any documents it discloses in response to the subpoena any information that is protected by attorney/client privilege and is able to draft an adequate privilege log. The parties have not addressed whether the fact that Nixon may "regularly transact business" in its

Rochester office is sufficient to permit this court to consider the motion to quash. *Compare* Europlay Capital Advisors, LLC, 323 F.R.D. at 629 ("despite Google having an office in Venice, the proper district to hear a motion to compel is where Google is headquartered") *with* Federal Trade Commission v. Thomas Jefferson University, 2020 WL 4347371, *2 (E.D. Pa. 2020) (finding "no basis to quash the subpoena under Rule 45(d)(3)(A)(ii)" where the non-party recipient of the subpoena, with a corporate headquarters in Louisville, Kentucky, owned and operated several rehabilitation hospitals "in Philadelphia and the surrounding area").  Nor have the parties addressed whether a limited liability partnership should be treated differently under Rule 45 than other types of businesses.

Defendants have not offered sufficient information for me to determine that this district is the "district where compliance is required".  Rule 45(d)(3).  Accordingly, I must deny their motion:

> "Here, [movant] does not indicate whether this court is the court where compliance is required under 45(c) and has not stated facts indicating that this court is the court of compliance . . . Because [movant] is seeking to modify and quash the subpoena, he must initially pursue this motion in the district court where compliance is required, and he has the burden of demonstrating to the court in which he files such a motion that it is the court of compliance."

Elite Mitigation Services, LLC, 2020 WL 6127079 at *2.

While this court *may* have the authority to consider this motion to quash, given Nixon's Department of State filings and the lack of information in defendants' papers, I find that defendants have failed to sustain their burden to demonstrate that this is the appropriate district for their motion to quash the Nixon subpoena.  Recognizing that I am raising this issue *sua sponte* as to Nixon and the defendants' first raise this issue as to Mercer in reply, and to give both parties an opportunity to address this issue, I deny the motion to quash the subpoenas

without prejudice to refiling it within thirty days.  "Any refiled motion(s) must address whether this Court is in the proper district to rule on the motions." Guiterrez v. Uni Trans, LLC, 2021 WL 2821071, *3 (D.N.M. 2021).

## CONCLUSION

For these reasons, defendants' motion to quash is denied, without prejudice, as described above.

Dated: March 27, 2024

/s/ *[signature]*
JEREMIAH J. MCCARTHY
United States Magistrate Judge